IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOSE SOTO, CHRISTINE EXELBY, and TANNER EASTMAN, individually and on behalf of himself and all others similarly situated,<br><br>  Plaintiff,<br><br>v.<br><br>SKY UNION, LLC (d/b/a IGG.com), a Nevada limited liability company,<br><br>  Defendant. | Case No. _____<br><br>**ON REMOVAL FROM THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**<br><br>Cook County Case No. 15-CH-06069 |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, 1446, 1453, Sky Union, LLC ("Sky Union") hereby gives notice of removal of this action from the Circuit Court of Cook County, Illinois to the United States District Court for the Northern District of Illinois, Eastern Division (the "Notice of Removal"). In support of thereof, Sky Union respectfully states as follows:

**I.  THE STATE COURT ACTION.**

1. On April 10, 2015, Jose Soto, Christine Exelby and Tanner Eastman ("Plaintiffs") initiated this civil action against Sky Union by filing a Complaint in the Circuit Court of Cook County, Illinois, Chancery Division captioned *Jose Soto, et al. v. Sky Union, LLC*, case no. 15-CH-06069 (the "State Court Action"). A copy of the Complaint is attached hereto as Exhibit 1.

2. The Summons and Complaint in the State Court Action were served on Sky Union on May 4, 2015. A copy of Plaintiffs' Summons and proof of service is attached hereto Exhibit 2. This Notice of Removal is therefore timely filed pursuant to 28 U.S.C. § 1446(b)(1).

3.    Plaintiffs contend that the mobile game "Castle Clash" operates as an unlawful "game of chance" because consumers can purchase gems for cash and subsequently wager gems on in-game specialty items (*i.e.*, "heroes" and "talents").  (*See* Ex. 1, Compl. ¶¶ 21-34.) Plaintiffs further contend that consumers who purchase gems have the opportunity to win in-game events, the prizes for which include in-game specialty items.  (*Id.* ¶¶ 35, 36.)  Plaintiffs allege that these games are games of chance that constitute illegal gambling.  (*Id.* ¶¶ 2, 4.)

4.    The putative class action complaint seeks damages and injunctive relief for Sky Union's alleged violation of various state anti-gaming laws.  Plaintiffs assert the following causes of action: (i) violation of Cal. Penal Code § 330b; (ii) violation of Cal. Penal Code § 319; (iii) violation of Cal. Bus. & Prof. Code §§ 17200, *et seq*. (the "UCL"); (iv) unjust enrichment; (v) violation of 720 ILCS 5/28-8(a); (vi) violation of 815 ILCS 525/40; and (vii) Mich. Comp. Laws § 600.2939.

5.    Plaintiffs seek to bring this action on behalf of themselves, a putative class and three putative sub-classes, defined as follows:

> **Class:** All individuals who purchased gems from Defendant and performed Hero and/or Talent Rolls in Defendant's Castle Clash.
>
> **Illinois Subclass:** All Class members domiciled in the State of Illinois who lost $50 or more by wagering on Hero and/or Talent Rolls.
>
> **Illinois Sweepstakes Subclass:** All Class members domiciled in the State of Illinois who entered one of Defendant's Castle Clash events where the purchase of gems was necessary.
>
> **Michigan Subclass:** All Class members domiciled in the State of Michigan who lost $5 or more in at least one sitting by wagering on Hero and/or Talent Rolls.

(*Id.* ¶ 47.)

6.    Plaintiffs request, on behalf of themselves, the class and the respective sub-classes (i) restitution of all "money acquired by means of unlawful and unfair competition;" (ii) damages

"in the amount of the losses suffered by Plaintiffs Soto and Exelby and each member of the Illinois and Michigan Subclasses and/or three times their losses where appropriate;" (iii) damages in the amount of "$500 or twice the amount of pecuniary losses," whichever is greater, for Plaintiff Soto and the Illinois Sweepstakes Subclass; (iv) reasonable costs and attorneys' fees; and (v) injunctive relief requiring Sky Union to cease the operating of its alleged gambling devices. (*Id.* at Prayer for Relief.)

## II. REMOVAL IS PROPER UNDER CAFA.

7. As the Seventh Circuit has noted, "CAFA was enacted to "grant[ ] broad federal jurisdiction over class actions and establishes narrow exceptions to such jurisdiction." *Appert v. Morgan Stanley Dean Witter, Inc.*, 673 F.3d 609, 618 (7th Cir. 2012) (internal quotations and citation omitted).

8. A putative class action lawsuit may be removed further to CAFA if (a) any member of the putative class is a citizen of a different state from any defendant, (b) the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and (c) the number of members in the putative classes, in the aggregate, is no less than 100. *See* 28 U.S.C. §§ 1332(d)(2)(A), 1332(d)(5)(B).

### A. CAFA's Minimal Diversity Requirement Is Met.

9. Minimal diversity exists under CAFA if "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A); *see also Hart v. FedEx Ground Package Sys. Inc.*, 457 F.3d 675, 677 (7th Cir. 2006). Here, the complaint establishes that minimum diversity exists in this case.

10. Plaintiffs state that they are citizens of Illinois (Soto), Michigan (Exelby), and California (Eastman). (*See* Compl. ¶¶ 6-8.)

11. Sky Union, as correctly noted in the complaint, is a limited-liability company organized under the laws of Nevada with its principal place of business located in Fremont, California. (*Id.* ¶ 9.)

12. CAFA provides that "an unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized." 28 U.S.C. § 1332(d)(10); *see also Bond v. Veolia Water Indianapolis, LLC*, 571 F. Supp. 2d 905, 910 (S.D. Ind. 2008) (noting that an LLC is an "unincorporated association" as that term is used in § 1332(d)(10)); *Ferrell v. Express Check Advance of SC LLC*, 591 F.3d 698, 700 (4th Cir. 2010) (same).

13. Sky Union is, under CAFA, a citizen of Nevada and California, and minimal diversity with Plaintiffs is therefore satisfied.

### B. CAFA's Amount-in-Controversy Requirement Is Satisfied.

14. CAFA's amount in controversy requirement is met where "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2). To meet this threshold, a removing defendant need only establish to "a reasonable probability that the amount in controversy exceeds" the statutory minimum. *Rising-Moore v. Red Roof Inns, Inc.*, 435 F.3d 813, 815 (7th Cir. 2006); *see also Bloomberg v. Serv. Corp. Int'l*, 639 F.3d 761, 764 (7th Cir. 2011) ("Once the proponent of federal jurisdiction has explained plausibly how the stakes exceed $5,000,000 the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much.") (internal citations omitted).

15. The amount-in-controversy requirement simply takes into account "the stakes of the litigation . . . given the plaintiff's actual demands." *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 449 (7th Cir. 2005); *see also Blomberg*, 639 F.3d at 763 ("The party seeking

removal does not need to establish what damages the plaintiff will recover, but only how much is in controversy between the parties.").

16. The complaint itself establishes to a reasonable probability that the amount in controversy exceeds $5,000,000. To begin, Plaintiffs seek to recover *all* money consumers spent purchasing in-game gems that were subsequently "wagered" for the chance to receive in-game specialty items. (*See* Compl. at Prayer for Relief.) Plaintiffs allege that Sky Union "made over $100,000,000 in 2014 through its in-game sales, with the majority of sales likely from gems." (*Id.* ¶ 22.) This figure alone demonstrates that over $5,000,000 is at issue.

17. Plaintiffs also allege that "thousands of consumers fall into the definitions of the Class and Subclasses." (*Id.* ¶ 48.) In Count VI (brought on behalf of Plaintiff Soto and the Illinois Sweepstakes Subclass), Plaintiffs seek to recover "$500 or twice the amount of all lost monies," whichever is greater, per class member. (*Id.* ¶ 99.) Assuming the Illinois Sweepstakes Subclass consisted of as few as 10,000 consumers, the $5,000,000 threshold would be met on the basis of that subclass alone.

18. Further, while the amount in controversy is established by the complaint alone, the jurisdictional threshold is further satisfied through the Declaration of Hong Zhang, attached hereto as Exhibit 3 (hereinafter "Zhang Decl."). Mr. Zhang states that since July 25, 2013, Castle Clash has been downloaded approximately 20 million times in the United States, including approximately 800,000 times in Illinois and 600,000 times in Michigan. (Zhang Decl. ¶ 3.)

19. Additionally, Mr. Zhang states that approximately 450,000 consumers in the United States have purchased gems and participated in in-app games to win in-game specialty items such as heroes and talents. (Zhang Decl. ¶ 4.) Gems can be purchased for as little as $1.99

5

and as much as $99.99 for set quantities. (Compl. ¶ 22.) Plaintiffs estimate that thousands of US-based consumers have spent thousands of dollars purchasing gems. (*Id.* ¶ 20.) Indeed, Plaintiffs themselves each spent hundreds of dollars purchasing gems. (*Id.* ¶¶ 41, 44, 45.) Assuming that the 450,000 US-based consumers spent on average just $12 on gems, the amount in controversy would exceed $5,000,000. It is thus plain that the amount in controversy exceeds the jurisdictional threshold.

20. Finally, Plaintiffs seek injunctive relief in the form of forcing Sky Union to cease operating its "gambling devices" and "offending events." (*See* Compl. ¶¶ 91, 99.) Though the amount in controversy attributable to any injunction that may be entered is not necessary to meet the jurisdictional threshold here, "[t]he cost of prospective relief cannot be ignored in the calculation of the amount in controversy." *Keeling v. Esurance Ins. Co.*, 660 F.3d 273, 274 (7th Cir. 2011). The amount in controversy also includes attorney's fees, which Plaintiffs' request here. (*See* Compl. at Prayer for Relief); *The Home Depot, Inc. v. Rickher*, No. 06-8006, 2006 WL 1727749, at *1 (7th Cir. May 22, 2006).

21. Taking the relief Plaintiffs seek, and taking as true the allegations in their complaint, there is a reasonable probability that the amount in controversy exceeds $5,000,000.

    **C.**    **CAFA'S Numerosity Requirement Is Met.**

22. Jurisdiction under CAFA is proper where "the number of members of all proposed plaintiff classes in the aggregate" exceed 100. 28 U.S.C. § 1332(d)(5).

23. Plaintiffs seek to certify a class and three sub-classes, each of which Plaintiffs allege number in the "thousands." (*See* Compl. ¶¶ 48, 48 n.18; Zhang Decl. ¶¶ 3, 4.) The putative class and sub-classes thus exceed the 100-member threshold.

### III. ALL REMAINING PROCEDURAL REQUIREMENTS ARE SATISFIED.

24. Sky Union was served on May 4, 2015. (*See* Ex. 2.) This Notice of Removal has thus been filed within thirty (30) days of receipt of the summons and complaint by Sky Union, and is therefore timely in accordance with 28 U.S.C. § 1446(b)(1).

25. A copy of the Notice of Filing of Notice of Removal, attached hereto as Exhibit 4, will be timely filed with the clerk of the Circuit Court of Cook County, Illinois, and served on Plaintiffs' counsel pursuant to 28 U.S.C. § 1446(d).

26. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders received by Sky Union in the State Court Action (other than the summons and complaint) is attached hereto as Exhibit 5.

27. Venue is proper in this Court pursuant to 28 U.S.C. § 1446(a) because it is the district court of the United States for the district and division within which the action is pending.

28. Based on the foregoing, this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1332(d) and 1453, and the claims may be removed to this Court under 28 U.S.C. §§ 1441, 1446 and 1453.

**WHEREFORE**, Sky Union, LLC hereby removes this civil action to this Court.

DATED: May 29, 2015 Respectfully submitted,

/s/ David S. Almeida

David S. Almeida, Esq.
dalmeida@sheppardmullin.com
David M. Poell
dpoell@sheppardmullin.com
Mark S. Eisen
meisen@sheppardmullin.com
**SHEPPARD, MULLIN, RICHTER & HAMPTON LLP**
70 West Madison Street, 48th Floor
Chicago, Illinois 60602
Telephone: (312) 499-6300
Facsimile: (312) 499-6301

*Counsel for Sky Union, LLC*

8

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing NOTICE OF REMOVAL was electronically filed with the Clerk of the Court using the CM/ECF system and that copies of the foregoing instrument were sent by first-class U.S. mail, postage prepaid, on May 29, 2015, addressed to the following parties:

Rafey S. Balabanian
rbalabanian@edelson.com
Benjamin H. Richman
brichman@edelson.com
Amir C. Missaghi
amissaghi@edelson.com
Courtney C. Booth
cbooth@edelson.com
Edelson PC
350 N. LaSalle Street, Suite 1300
Chicago, Illinois 60654
Tel: (312) 589-6370
Fax: (312) 589-6378

/s/ *David S. Almeida*